O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL R. HOLT,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>　　　　　Defendant. | CASE NO. CV 08-02052 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Plaintiff Earl Holt raises two challenges to the Social Security Commissioner's determination that he is not disabled. He argues that the Administrative Law Judge erred in finding that he did not need a cane. He also argues that the Administrative Law Judge erred in finding him not credible. In the Court's view, the claims Plaintiff now makes do not require a reversal or remand.

　　　　The issue of the cane is a bit perplexing. The Administrative Law Judge specifically found that "there is no medical necessity for a hand held ambulatory assistive device." [AR 22, citation omitted]. Plaintiff points to notes in the medical record indicating that, at an urgent care facility, Plaintiff was being referred to Durable Medical Equipment for a cane [AR 296]. On this same page, however, are the notations that Plaintiff "usually uses cane to walk up the stairs," and "Pt requested cane — lost his recently." These references are ambiguous; they are not exactly a medical determination

that a cane is necessary, so much as a recording of what Plaintiff said, and an accommodation to Plaintiff's request.

Plaintiff also points in this Court to other references. One of them simply states that Plaintiff walks with a cane [AR 230]; another appears to state that Plaintiff uses a cane for support and ambulation [AR 233]; another makes no obvious reference to a cane [ AR 238]; another again mentions that Plaintiff is ambulating with a cane. [AR 415]

It seems pretty clear that Plaintiff was using a cane at various times, or at least told various medical personnel (including nurses or intake clerks) that he was. The Administrative Law Judge's finding was a little bit more precise, however. He did not state that Plaintiff was not using a cane at all, but that a cane was not medically necessary. It may be that, had he said that Plaintiff needed a cane, that such a finding could have been sustained on this record. But the question for this Court is different: does substantial evidence support the finding that he *did* make? The Administrative Law Judge referenced the medical consultant's determination that a cane was not medically necessary as the basis for his conclusion. [AR 22, *citing* AR 193] This suffices as evidence which a reasonable person would conclude supports the determination.

Moreover, the question of use of a cane is a bit of a red herring. The residual functional capacity found by the Administrative Law Judge did not require that Plaintiff ambulate, and therefore did not require a decision on whether a cane was necessary or not. The Administrative Law Judge found that Plaintiff should be allowed a sit/stand option. [AR 22] In his conclusion that there were sufficient jobs in the economy which Plaintiff could perform, the Administrative Law Judge was backed by the testimony of the vocational expert, and the vocational expert had so testified while taking into account that the jobs would require a sit/stand option. [AR 24; 556-57] Thus, the Administrative Law Judge's determination with respect to whether Plaintiff needed to use a cane does not offer a basis for reversing the decision, or remanding for further exploration.

The second argument Plaintiff makes is that the Administrative Law Judge did not give clear and convincing reasons for rejecting "the subjective limitations of Earl Holt."

(Plaintiff's Memorandum in Support of Complaint at 4 *et seq.*)  The Court agrees with Plaintiff that the Administrative Law Judge's statement of an inconsistency in Plaintiff's testimony about the use of sleeping pills is, in fact, no inconsistency; a person can use sleeping pills even if he would prefer not to.  In other respects, however, the Administrative Law Judge did provide sufficient reasons for concluding that Plaintiff's pain was not as impairing as Plaintiff asserted.  The Administrative Law Judge recited the medical evidence in detail, and noted that Plaintiff's complaints were out of proportion to the medical evidence, including the absence of evidence of muscle atrophy which would be expected of someone as inactive as Plaintiff asserted his impairment made him. [AR 22]  The Administrative Law Judge also noted the conservative medical treatment; the inconsistency between Plaintiff's activities and his claimed status of incapacity; and the lack of candor with respect to Plaintiff's past use of drugs and alcohol. [AR 23]  These are sufficient reasons for impeaching Plaintiff's credibility as to the impact of his pain.  *See Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001) (medical evidence is one factor to be considered in evaluating credibility); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. March 19, 2001) (inconsistent statements and tendency to exaggerate may be considered); *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (conservative medical treatment is a factor properly to be considered).  The fact that there may be other interpretations of a claimant's testimony that are reasonable does not mean that the ALJ erred.  As long as the ALJ's interpretation is reasonable and is supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:  November 19, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE